UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW JOHN THOMPSON,

    Plaintiff,

v.                                      Case No. 3:15cv505/LC/CJK

J. JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiation of this suit.

    Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury. A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as malicious or for failure to state a claim upon which relief may be granted. *See Thompson v. Smith*, No. 4:13cv71/WS/CAS, 2014 WL 1807040 (N.D. Fla. Apr. 17, 2014) (recommending dismissal of plaintiff's civil rights action for failure to state a claim), *report and recommendation adopted*, 2014 WL 1807044 (N.D. Fla. May 7, 2014); *Thompson v. Long*, No. 4:14cv287/MW/GRJ, 2014 WL 4678298 (N.D. Fla. Sept. 18, 2014) (dismissing plaintiff's civil rights action for plaintiff's abuse of the judicial process, noting that the dismissal operates as a strike);[1] *Thompson v. J. Rivera-Rosa, M.D.*,

---

[1]*See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) ("Although the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)."), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

No. 4:14cv544/RH/CAS (N.D. Fla. May 12, 2015) (recommending dismissal of plaintiff's civil rights action for failure to state a claim and because the claim was barred by res judicata), *report and recommendation adopted*, Doc. 20 (N.D. Fla. Aug. 6, 2015). All of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate number, DC# R64543, and because plaintiff acknowledges them in his complaint. (Doc. 1, p. 4 & Attach.).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's complaint is devoid of any such allegations. Plaintiff is presently incarcerated at Walton Correctional Institution. Plaintiff is suing FDOC Secretary Julie Jones and three prison officials at his former institutions, Holmes Correctional Institution and Liberty Correctional Institution, claiming that for the last five years they have been violating his rights under the Eighth Amendment by failing to provide consistent, adequate exercise or outdoor recreation (at least one hour of exercise or recreation per day) and by randomly cancelling or withholding recreation privileges. Even accepting plaintiff's allegations as true, they fail to establish that plaintiff qualifies for § 1915(g)'s imminent danger exception. Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that he is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 12th day of November, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.